**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Brenda McBride,<br><br>        Plaintiff,<br>  v.<br><br>European Image Salon Suppliers, Inc.,<br><br>        Defendant. | Case No. 2:25-cv-801-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R &R") of the Magistrate Judge, recommending that Defendant's motion for partial summary judgment be denied. (Dkt. No. 14). The parties were advised that they had the right to file objections to the R & R within 14 days of the date of service, and a failure to timely file objections would result in only clear error review by the District Court and a waiver of the right to appeal the District Court's order. (*Id*. at 15). No party filed objections to the R & R.

**I.    Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

Plaintiff's suit is based on alleged violations of her rights under the Americans with Disabilities Act ("ADA"). Plaintiff asserts claims for disability discrimination, hostile work environment, retaliation, wrongful termination, and failure to accommodate related to her former employer's actions taken after she suffered a brain injury. Defendant's partial motion to dismiss is based on Plaintiff's alleged failure to exhaust her administrative remedies under the ADA regarding her claims for hostile work environment, disparate treatment, and retaliation. Plaintiff's complaint alleged that she exhausted her administrative remedies prior to filing suit. (Dkt. No. 1-1 at ¶ 9). Defendant attached to its motion Plaintiff's EEOC Charge, which the Magistrate Judge agreed to consider since both parties relied on the Charge to address the merits of the motion. (Dkt. No. 14 at 10).

The Magistrate Judge correctly noted that the Charge should not become "a tripwire for hapless plaintiffs," and the Charge would be deemed sufficient so long as the claims are reasonably related to the EEOC charge and could be expected to follow a reasonable administrative investigation. (*Id.* at 7). The Magistrate Judge further stated that a failure to exhaust issue is normally asserted as an affirmative defenses that must be developed on a fuller record. After reviewing the Plaintiff's Charge, the Magistrate Judge observed that the Charge and the lawsuit involved "the same place of work, the same disability (brain injury), the same actor (Mr. Slaick), the same timeframe (March 2022 to July 2023), the same alleged protected category (disability), and the same types of prohibited actions (discrimination, retaliation, and failure to accommodate)." (*Id*. at 12). The Magistrate Judge recommended the denial of Defendant's partial motion to dismiss

2

as premature and that Defendant's affirmative defense of failure to exhaust should be addressed with a fuller record. (*Id*. at 14-15).

The Court finds that the Magistrate Judge ably summarized the factual and legal issues involved with Defendant's motion to dismiss and correctly concluded that the motion should be denied as premature. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 14) as the order of the Court. Defendant's partial motion to dismiss (Dkt. No. 5) is denied.

**AND IT IS SO ORDERED.**

                                                   s/ Richard M. Gergel  
                                                   Richard Mark Gergel  
                                                   United States District Judge

May 23, 2025  
Charleston, South Carolina